[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action began as an action by the plaintiff Ann Marie Esposito against her own insurer, the defendant Nationwide Mutual Insurance Company, for underinsured motorist benefits to CT Page 14972 compensate her for the effects of an accident she had on March 4, 1994. The other driver, who was at fault in the accident, had a policy of $20,000 which was paid to the plaintiff. The plaintiffs claim for underinsured benefits was claimed to the trial list on March 25, 1997.
At some point thereafter, it appears that the parties stipulated to a private "high/low" arbitration rather than a trial in Superior Court. The arbitration proceeded with a neutral arbitrator, Attorney Michael Kamp, of the Wallingford bar. The plaintiff, unhappy with the arbitrator's award, has now moved to vacate the award,[1] on the grounds that the arbitrator "so imperfectly executed [his powers] that a mutual, final and definite award upon the subject matter submitted was not made." Conn. Gen. Stat. § 52-418 (a)(4).
The problem with determining whether or not that is true is twofold: first, the plaintiff has presented no writing nor any other evidence of what "subject matter" was in fact submitted to the arbitrator; and second, no evidence at all has been presented by the plaintiff to support the claim that the arbitrator either exceeded or imperfectly executed his powers. Both sides agreed at oral argument on this motion that the matter was submitted as a high/low arbitration with a high of $25,000 and a low award of $0.[2] Further both sides agreed at oral argument that the arbitrator was not to know of either the high or the low figure and would not be privy to any setoffs or prior payments made to the plaintiff. It is unclear whether the arbitrator was even told that the matter was an underinsured motorist case, with the implication that the plaintiff had thus received some compensation from the tortfeasor for her injuries already.
At any rate, the arbitrator awarded the plaintiff what appears to have been her full claim for economic damages: $7,960.50. He also awarded her non-economic damages of $16,000 based on his assessment of fair, just, and reasonable compensation for the injuries she sustained. There is nothing about this award on its face that appears "imperfect," or even unusual. And the plaintiff has presented no evidence at all from which the court could conclude that the arbitrator did not do exactly what the parties agreed he would do, which was to hear the evidence and award fair, just, and reasonable damages. Given the fact that the agreed parameters of the award were between $0 and $25,000, the court is unable to understand how the plaintiff can complain of an award of $23,960.50.[3]
CT Page 14973
The argument of the plaintiff that the court should vacate the arbitrator's award because the arbitrator was compelled to give credence to the plaintiff and her evidence about the degree of her pain, suffering, and permanent partial disability resulting from this accident borders on the frivolous. The plaintiff has advanced no legal theory on which the arbitrator's award should be disturbed. The Motion to Vacate the Award is denied. The parties having resolved their dispute through arbitration, the underlying action has been settled and is ordered dismissed.
Patty Jenkins Pittman, Judge